IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF A 2006 KZ INC DURANGO CAMPING TRAILER LOCATED ON BUREAU OF LAND MANAGEMENT LANDS IN UTAH COUNTY, UTAH | Case No. 2:25-mj-00880 & 2:25-mj-00881 DBP |
| IN THE MATTER OF THE SEARCH OF A 2000 WHITE IDEAL CAMPING TRAILER LOCATED ON BUREAU OF LAND MANAGEMENT LANDS IN UTAH COUNTY, UTAH | |

**OMNIBUS AFFIDAVIT IN SUPPORT OF
APPLICATIONS FOR SEARCH WARRANTS**

I, Matthew D. Gochis, being first duly sworn, hereby depose and state as follows:

**INTRODUCTION AND AGENT BACKGROUND**

1.  I make this omnibus affidavit in support of applications for search warrants involving a 2006 KZ INC Durango camper trailer (the "Durango Trailer") and a 2000 white IDEAL camper trailer (the "IDEAL Trailer"), both of which are parked on Bureau of Land Management ("BLM") lands in Manning Canyon in Utah County, Utah, as further described in Attachments A-1 and A-2, respectively (hereinafter, the "TRAILERS" or "PREMISES"), for the things described in Attachment B.

2.  I am currently a Law Enforcement Ranger with the Department of the Interior, BLM. I have held this position since 2017. I am currently deputized by the Sheriff of Tooele County located within the State of Utah and have had this authority since 2018, allowing me to enforce state criminal code on public lands. In 2021, I attended and completed the Federal Law Enforcement Training Center mobile device investigation program used in mobile device extraction and downloading of data. Since 2022, I have been a member of the Tooele County

Metro Special Weapons and Tactics ("SWAT") team, and I am certified in basic SWAT tactics and Hostage Negotiations. I have completed the National Association of Field Training Officers basic field training officer certification course in 2023. In addition to my training, I routinely enforce federal and state laws on public lands and assist in major operations involving fugitives from justice. I have completed, planned, and participated in multiple operations, including the execution of state and federal search and tracking warrants. As a result of my training and experience, I am familiar with activities involving long-term residency on public lands, operating motor vehicles in closed areas, and attempts to avoid detection by law enforcement with the concealment of camping areas or vehicles.

3. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other law enforcement officers. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrants and does not set forth all of my knowledge about this matter.

4. Based on my training and experience and the facts as set forth in this affidavit, there is probable cause to believe that violations of 43 C.F.R. § 8365.1-6, camping longer than 14 days on public lands within a 30 mile radius, 43 C.F.R. § 8341.1(c), operating off road vehicle in areas closed to off-road vehicle use, 43 C.F.R. § 8341.1(d), operating off road vehicle in violation of state law (expired registration), 21 U.S.C. § 844 (simple possession of narcotics), and 18 U.S.C. § 922(g)(1), felon in possession of firearms and ammunition, have been committed by Michael Lee RASMUSSEN and Melanie Beth CROFT, both of whom were living at the PREMISES. As set forth herein, there is probable cause to believe that at the PREMISES there exists instrumentalities, fruits, and evidence of these violations and crimes. While the BLM might already have all necessary authority to administratively or otherwise search the

PREMISES, I seek these additional warrants out of an abundance of caution to be certain that such searches will comply with the Fourth Amendment and other applicable laws.

### STATEMENT OF PROBABLE CAUSE

5. In or around June 2025, BLM started receiving complaints of a makeshift compound, consisting of the TRAILERS and other vehicles, located on BLM lands in Manning Canyon in Utah County, Utah.

6. On or about June 17, 2025, BLM Ranger Tamsen Johnson confirmed the TRAILERS were located on BLM lands. Over the following weeks, BLM law enforcement officers repeatedly surveilled the compound and confirmed the TRAILERS did not move every 14 days as required under BLM regulations. It was also observed that the TRAILERS were not connected to any towing vehicles and had their side panels extended, though they appeared to be otherwise functional and mobile. It was further noted that the TRAILERS and other vehicles were on lands closed to off road vehicle traffic.

7. During the summer of 2025, local law enforcement received numerous reports of thefts from nearby private properties. One of the complainants complained of rampant drug use at the compound based on the occupants' patterns of travel, repeated visits from strangers at odd hours, and so forth. BLM law enforcement officers continued to surveille the compound using drones.

8. On or about August 21, 2025, a local landowner complained of multiple gunshots from the road between his property and the compound. He reported hearing a man yell, "How about you call the cops now?!" Due to safety concerns, BLM officers surveilled the area using drones but were unable to find any spent brass or shell casings.

9. In reviewing drone footage and other evidence received from the complainants,

officers came to believe that the compound's occupants were RASMUSSEN and CROFT, the former of which had a record of prior contacts with BLM law enforcement. Both suspected occupants were prior convicted felons with outstanding state warrants.

10. After the compound did not move for several more weeks, BLM officers started planning a joint operation with BLM, U.S. Forest Service, and the Utah Division of Natural Resources, all with the goal of safely dismantling the compound, citing the occupants for numerous BLM violations, and impounding any vehicles with expired registrations.

11. On September 22, 2025, officers executed the operation. Upon arrival, officers heard movement in the Durango Trailer. Officers noted the trailer had a local plate of 108858/UT and an expired registration as of March 31, 2023. While walking around the trailer, officers saw multiple rounds of spent and unspent ammunition casings on the ground. Additionally, while conducting a protective sweep of a UTV near the Durango Trailer, a long gun rifle was seen in plain view.

12. After these protective sweeps, officers loudly knocked and announced their presence, after which point movement stopped. After approximately 15 minutes of continued knocking and announcements, no one came to the door. The front door was finally opened, and from outside the door further announcements were made, and RASMUSSEN was seen sitting on the couch, appearing to be asleep. Offices continued announcements from outside the door and on the ground, directing RASMUSSEN to get up and exit the trailer. RASMUSSEN finally stood up and exited the trailer. When he did, he was wearing a pistol holster that had multiple ammunition rounds on the holster, but no firearm.

13. RASMUSSEN was read his *Miranda* rights as he was placed under arrest for his state warrants. Post-*Miranda*, RASMUSSEN admitted having a handgun on his person

when officers arrived. He stated that he knew he wasn't supposed to have guns, so he took the handgun and placed it near the couch he was sitting on at the time of contact. RASMUSSEN gave consent to enter the trailer to secure the firearm. RASMUSSEN also admitted to owning the UTV where the long gun was seen. The UTV is a 2015 black Polaris Razor with a local plate of (D62EJ/UT) registered to RASMUSSEN and expired on March 31, 2023. RASMUSSEN further admitted having a rifle in the UTV.

14. Based on RASMUSSEN's consent, officers entered the trailer to secure the firearm and perform a protective sweep. Photographs were taken before the weapons were removed. The handgun was located between the wall and the couch. When it was recovered, officers determined the handgun was a Ruger .357 revolver with a serial number of 15473972. The handgun had six ammunition rounds in the weapon. Meanwhile, the rifle was removed from the UTV. Upon inspection of the rifle, the serial number was clearly scratched to conceal it. This was done with scratches directly over the serial number and in no other locations. The rifle was a Marlon .22 rifle with a serial number of 11278778.

15. BLM law enforcement officers conducted a criminal history records check using law enforcement databases for RASMUSSEN. The check confirmed that RASMUSSEN was a multi-convicted felon and was prohibited from possessing firearms. He was also confirmed to have two active state warrants for property damage and possession of a controlled substance.

16. While officers were knocking and announcing at the Durango Trailer, another team of officers were loudly knocking and announcing at the IDEAL Trailer, which had an expired registration as of July 31, 2020. Shortly thereafter, CROFT exited and was promptly arrested for her state warrants. She was then read her *Miranda* rights. Post-*Miranda*, she

admitted to possessing two firearms inside the trailer. She gave consent to retrieve the firearms and told officers the location of the firearms.

17. Based on CROFT's consent, officers entered the trailer and performed a protective sweep. Officers then secured two handguns from CROFT trailer. One of the handguns, which was on the shelf in the main living area, had a scratched serial number. The serial number appeared to have obvious and direct scratch marks on the serial number in an attempt to conceal the serial number. The firearm was a Kimber 9mm handgun with serial number S1111816. The second handgun was located in the bedroom, on a shelf. The firearm was a Smith and Wesson .22 caliber handgun, with serial number 23945.

18. BLM law enforcement officers conducted a criminal history records check using law enforcement databases for CROFT. The check confirmed that CROFT was also convicted felon and was prohibited from possessing firearms. CROFT was also confirmed to have multiple active state warrants for traffic offenses, driver's license violations, and retail theft.

19. Outside of the Durango Trailer, but still within 10–15 yards of the IDEAL Trailer, officers located a small plastic bag (<1 ounce) of a controlled substance that field tested positive for methamphetamine. Further, a K-9 that accompanied officers conducted a free air sniff around the TRAILERS and alerted to the potential presence of narcotics odors at both TRAILERS.

[continued on next page]

**CONCLUSION**

14.     Based on all the foregoing facts, there is probable cause to believe that violations of 43 C.F.R. § 8365.1-6, camping longer than 14 days on public lands within a 30 mile radius, 43 C.F.R. § 8341.1(c), operating off road vehicle in areas closed to off-road vehicle use, 43 C.F.R. § 8341.1(d), operating off road vehicle in violation of state law (expired registration), 21 U.S.C. § 844 (simple possession of narcotics), and 18 U.S.C. § 922(g)(1), felon in possession of firearms and ammunition, have been committed by Michael Lee RASMUSSEN and Melanie Beth CROFT, both of whom were living at the PREMISES.  I submit that this affidavit supports probable cause for a warrant to search the premises described in Attachments A-1 and A-2 and seize the items described in Attachment B.

15.     Based upon the provided information, I request that the Court issue the proposed search warrant.

Respectfully submitted,

/s/ *Matthew D. Gochis*
Matthew D. Gochis
Law Enforcement Ranger
Bureau of Land Management

Subscribed and sworn to before me on September 22, 2025

_____
UNITED STATES MAGISTRATE JUDGE

## ATTACHMENT A-1

### Property to be Searched

The property to be searched is a 2006 KZ INC Durango camper trailer with Utah license plate number 109959A, which is parked on Bureau of Land Management Lands in Manning Canyon in Utah County, Utah. As depicted below, the camper appears to have been parked at this spot for an extended period of time.



# ATTACHMENT A-2

## Property to be Searched

The property to be searched is a 2000 "Alfa" IDEAL trailer, which is parked on Bureau of Land Management Lands in Manning Canyon in Utah County, Utah. As depicted below, the camper appears to have been parked at this spot for an extended period of time.



## ATTACHMENT B

### Property to be Seized

The items to be seized are evidence, contraband, fruits, or instrumentalities of violations of 43 C.F.R. §§ 8365.1-6, 8341.1(c)–(d), 21 U.S.C. § 844 (simple possession), and 18 U.S.C. § 922(g)(1) (felon in possession of a firearm and ammunition):

a. Controlled substances.

b. Drug packaging materials, to include, but not limited to, tape, plastic bags, capsules, scent masking agents and other items of that nature; foil, scales, boxes, backpacks, plastic cups, and any other type of bag or container used to transport drugs.

c. Paraphernalia for manufacturing, using, weighing, or distributing illegal drugs, to include, but not limited to cutting materials (diluents), wrapping materials, razor blades, cutting boards, glass pipes, butane torches, cooking devices, and any other items used by persons to manipulate drugs in any way.

d. Firearms, ammunition, casings, and firearm magazines.

e. Notes, records, pay-owe sheets, photographs of controlled substances and other documents/paperwork related to drug use or distributing activities, to include, written documentation related to drug prices, drug types, amounts of drugs that have been bought and/or sold, amounts of money owed to sources of supply and amounts of money owed by customers.

f. Gas receipts, maps, or any other document/paperwork documenting travel.

g. Titles and/or paperwork related to assets, to include vehicles. Documents related to rented houses, apartments, storage units, and vehicles. Residency documents, to include but not limited to, mail and utility documents. Identifications, including false identifications.